# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JOHN M. WYATT,** | § | |
| **Reg. No. 04900-051,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-11-CV-187-KC** |
| | § | |
| **M. TRAVIS BRAGG,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the fourth *pro se* petition for a writ of habeas corpus filed by Petitioner

John M. Wyatt in the Western District of Texas.[1]  In the instant petition for a writ of "habeas corpus

*ad subjiciendum,*"[2] Wyatt, a prisoner currently incarcerated at the Federal Correctional Institution-

La Tuna, in Anthony, Texas, challenges his conviction in the United States District Court for the

Southern District of Illinois for possession with the intent to distribute more than 100 kilograms of

marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[3]  Wyatt asserts that he was not

charged in the indictment with an offense violating an "Act of Congress;" he was charged with an

offense violating the United States Code.[4]  He argues "[t]herefore, the U.S. District Court did <u>not</u>

have 'subject matter jurisdiction' to hear the allegation."[5]  Moreover, he claims that an "Act of

---

[1] *See Wyatt v. Bragg*, EP-10-CV-237-DB (W.D. Tex. Jun. 24, 2010)*; Wyatt v. Bragg*, EP-09-CV-204-FM (W.D. Tex. Jun. 4, 2009); *Wyatt v. Bragg*, EP-09-CV-71-DB (Mar. 4, 2009).  In each of these cases, the Court transferred Wyatt's petitions to the Court of Appeals for the Seventh Circuit for further consideration.

[2] *See* Black's Law Dictionary 778 (9th ed. 2009) ("A writ directed to someone detaining another person and commanding that the detainee be brought to court.").

[3] *United States v. Wyatt*, 3:02-CR-30060-DRH (S.D. Ill. Aug. 31, 2004), *aff'd*, No. 04-3314 (7th Cir. May 16, 2005).

[4] Pet. 3.

[5] *Id*. at 4 (emphasis in original).

Congress" does not authorize the Department of Justice or the Bureau of Prisons to imprison or

detain him.[6] Accordingly, he maintains Respondent Warden M. Travis Bragg has "illegally,

unlawfully, and falsely" imprisoned him.[7] While his allegations are factually frivolous as they are

"'fanciful,' 'fantastic,' and 'delusional,'"[8] the Court will, nevertheless, further examine his petition

and determine whether it may adjudicate his claims.

Wyatt does not specify the legal authority for his petition. "[T]he All Writs Act does not

confer an independent basis for subject matter jurisdiction."[9] "[T]he All Writs Act is a residual

source of authority to issue writs that are not otherwise covered by statute. Where a statute

specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that

is controlling."[10] A sentenced prisoner may bring a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241 to challenge "the manner in which a sentence is carried out or the prison

authorities' determination of its duration."[11] A § 2241 petitioner may make this attack only in the

district court with jurisdiction over his custodian.[12] In the instant case, however, Wyatt challenges

his conviction. The primary means of collaterally attacking a federal conviction is a motion to

---

[6] *Id*. at 8.

[7] *Id*. at 5.

[8] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)).

[9] *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002); *see also Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001).

[10] *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citing *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).

[11] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[12] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.[13] A § 2255 movant may only

bring his motion in the district of conviction and sentence.[14]

There is a "savings clause" in § 2255 which acts as a limited exception to the general rules

outlined above.[15] A federal court may consider a petition filed under § 2241 which challenges a

federally imposed sentence when the petitioner establishes that the remedy under § 2255 is

"inadequate or ineffective."[16] In order to meet the stringent "inadequate or ineffective" requirement,

the claim must be "based on a retroactively applicable Supreme Court decision which establishes

that the petitioner may have been convicted of a nonexistent offense" and the claim must have been

"foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial,

appeal, or first § 2255 motion."[17] Thus, three issues are relevant analytically. First, there must be a

Supreme Court decision with retroactive effect. Second, the Supreme Court decision must establish

that the § 2241 petitioner may have been convicted of a nonexistent offense. Third, the petitioner's

claim must have been precluded by established circuit law at the time of petitioner's trial, appeal or

first § 2255 motion. A petitioner must prove all three elements to successfully invoke the savings

clause.[18]

---

[13] 28 U.S.C.A. § 2255 (West 2011).

[14] *Pack*, 218 F.3d at 452.

[15] *See* 28 U.S.C.A. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added).

[16] *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

[17] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[18] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

Here, Wyatt claims he was convicted of a nonexistent offense. He does not, however, identify a Supreme Court decision with retroactive effect which supports his claim. Further, he does not assert established circuit law at the time he entered his guilty plea precluded his claim. Thus, Wyatt does not meet the criteria required to support a claim under the savings clause of § 2255. Accordingly, the Court concludes that it should construe Wyatt's petition as a § 2255 motion, and that it lacks jurisdiction to consider his claim.[19]

The Court notes Wyatt previously filed a § 2255 motion which the sentencing court apparently denied. Thus, the Court is not required to advise Wyatt "that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."[20] The Court further notes the Antiterrorism and Effective Death Penalty Act of 1996[21] imposes three restrictions on a movant's second or successive § 2255 motion: (1) any previously adjudicated claim must be dismissed; (2) any new claim must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) a court of appeals must determine whether the movant has presented a claim relying on a new rule or new facts.[22] These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some

---

[19] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

[20] *Castro v. United States*, 540 U.S. 375, 383 (2003).

[21] Pub. L. 104-132, 110 Stat. 1214.

[22] *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (explaining 28 U.S.C. § 2244(b)(1)-(3) in the context of a 28 U.S.C. § 2254 petition).

merit."[23]  Thus, before Wyatt may proceed, "the appropriate court of appeals [must] authoriz[e] the

[sentencing] district court to consider the [second or successive] application."[24]

The Court also notes that it transferred three of Wyatt's previous petitions for writs of habeas

corpus to the United States Court of Appeals for the Seventh Circuit for further proceedings.  In EP-

09-CV-71-DB, Wyatt argued the Court should reduce his sentence based on two Supreme Court

decisions, *Begay v. United States*[25] and *Chambers v. United States*,[26] because he did not meet the

criteria for sentencing as an armed career felon.  In EP-09-CV-204-FM, Wyatt asserted the Court

should vacate his conviction, based on the Supreme Court's decision in *Arizona v. Gant*,[27] because a

narcotics officer improperly searched his rented recreational vehicle.  In EP-10-CV-237-DB, Wyatt

maintained the trial court erred in determining that he was a "career offender," pursuant to

Sentencing Guidelines Manual § 4B1.1(a),[28] because his prior escape conviction under 18 U.S.C. §

---

[23] *Key*, 205 F.3d at 774 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

[24] 28 U.S.C.A. § 2244(b)(3)(A) (West 2011).

[25]  *See Begay v. United States*, 553 U.S. 137, 148 (2008) (holding that New Mexico felony offense of driving under the influence of alcohol (DUI) is not a "violent felony" within meaning of section of the Armed Career Criminal Act imposing special mandatory fifteen-year prison term upon felons who unlawfully possess a firearm and who have three or more convictions for violent felonies).

[26] *See Chambers v. United States*, 555 U.S. 122, --, 129 S.Ct. 687, 693 (2009) (holding that Illinois's failure-to-report offense did not have as an element the use, attempted use, or threatened use of physical force, and was a relatively passive offense that did not involve conduct presenting a serious potential risk of physical injury to another, so as not to qualify as "violent felony" under the Armed Career Criminal Act).

[27] *See Arizona v. Gant,* -- U.S. --, 129 S. Ct. 1710, 1723-24 (2009) (holding the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement did not permit the search of the defendant's vehicle while he was handcuffed in a nearby patrol car).

[28] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2003) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony

751(a) for walking away from a halfway house was not a "crime of violence." Despite these

transfers, Wyatt continues to file petitions challenging his conviction and sentence in the Western

District of Texas.

Accordingly, based on the foregoing considerations, the Court enters the following orders:

1.   The Court **CONSTRUES** Petitioner John M. Wyatt's *pro se* petition for habeas

corpus challenging his conviction in the United States District Court for the Southern

District of Illinois as a successive motion to vacate, set aside, or correct a sentence,

pursuant to 28 U.S.C. § 2255.

2.   The Court **DISMISSES** the instant cause **WITHOUT PREJUDICE** for lack of

jurisdiction.

3.   The Court **WARNS** Petitioner John M. Wyatt's that *pro se* litigants have "no

license to harass others, clog the judicial machinery with meritless litigation, and

abuse already overloaded court dockets."[29] The Court possesses the inherent power

"to protect the efficient and orderly administration of justice and . . . to command

respect for the court's orders, judgments, procedures, and authority."[30] Included in

this inherent authority is "the power to levy sanctions in response to abusive

litigation practices."[31] Therefore, sanctions may be appropriate when a *pro se*

litigant has a history of submitting multiple frivolous claims.[32]

---

convictions of either a crime of violence or a controlled substance offense.").

[29] *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

[30] *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

[31] *Id.*

[32] FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *See also Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993) (explaining courts may impose

4.      The Court additionally **DENIES AS MOOT** any pending motion.

**SIGNED** on this 12th **day of May, 2011.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions); *Tripati v. Beaman*, 878 F.2d 351, 352-53 (10th Cir. 1989) (explaining litigants have no constitutional right of access to the courts to prosecute actions that are frivolous or malicious and district courts have the power to enjoin litigants who abuse the court system).